## John McDermott v. The City of Lewistown.

1. AMENDMENTS—*Of Complaints for the Violation of Ordinances.*— A complaint in a prosecution by a city for the violation of its ordinances may be amended in the Circuit Court, pending a motion to dismiss the suit for want of a sufficient complaint.

2. ORDINANCES—*Imposing Licenses upon Persons Who Peddle from House to House, Not in Restraint of Trade.*—An ordinance which requires persons who peddle goods from house to house in a city to procure a license, and provides a penalty for a failure to do so, is not oppressive, contrary to public policy or in restraint of trade.

3. PEDDLERS—*Who Are Within the Meaning of an Ordinance Requiring a License.*—A person who brings a small stock of merchandise to a city, which he deposits at his boarding house, and solicits orders from house to house, carrying samples with him, selling on the installment plan, and where he does not have the goods desired with him, and does have them at his boarding house, they are subsequently delivered from the boarding house, is a peddler within the meaning of an ordinance requiring a license.

**Prosecution for the Violation of an Ordinance.**—Error to the Circuit Court of Fulton County; the Hon. JOHN A. GRAY, Judge, presiding. Heard in this court at the May term, 1900. Affirmed. Opinion filed December 7, 1900.

O. J. BOYER, attorney for plaintiff in error.

W. S. JEWELL, City Attorney, for defendant in error; H. W. MASTERS, of counsel.

MR. PRESIDING JUSTICE HARKER delivered the opinion of the court.

The plaintiff in error was prosecuted for selling merchandise as a peddler within the corporate limits of the city of Lewistown without license, as required by ordinance. Convicted before the justice of the peace, in whose court the suit was commenced, he prosecuted an appeal to the Circuit Court, where he was convicted and fined $10.

The complaint, as originally filed, was defective. A motion to dismiss for that reason was made before the justice of the peace, but was overruled. The motion was renewed in the Circuit Court, but before it was passed upon, the plaintiff, under leave of the court, filed an amended and sufficient complaint. It is claimed that that was error. The plaintiff had the right to amend the complaint, and the terms imposed were proper under the circumstances.

It is contended that the ordinance under which plaintiff in error was prosecuted is unreasonable, oppressive, in restraint of trade and contrary to public policy and void. The ordinance simply required plaintiff in error, if he desired to peddle goods from house to house in Lewistown, to first procure a license for that purpose, and provided a penalty if he failed to do so. It is the usual ordinance in force in small cities, and we see nothing in it to warrant the charge that it is oppressive, unreasonable, or contrary to public policy.

The most serious contention urged upon our consideration is that plaintiff in error was not a peddler within the sense of the ordinance. The evidence shows that plaintiff in error, in company with one Thompson, brought to Lewistown quite a stock of small merchandise, consisting of dress patterns, rugs, lace curtains, etc., which he deposited at his boarding house. He began soliciting from house to house, carrying with him in grips dress patterns and other articles which he called samples. He sold upon the installment

.plan. If he had in his grip the article desired by the purchaser, it was then delivered. If he did not have it with him and it was at his boarding house, it was subsequently delivered from the boarding house. If not with him nor at the boarding house, it was ordered from the supply house at Peoria. It is clear to our mind that plaintiff in error was a peddler within the meaning of the ordinance. Judgment affirmed.